Jason Skala, *Esq.*
Law Office of Jason Skala, LLC
Jason@907attorney.com
Reception@907attorney.com
Tricia@907attorney.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUANITA REAL,<br><br>        Plaintiff,<br>-vs-<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Juanita Real, by and through his attorneys, Jason Skala, LLC, and alleges and state as follows:

**I.    PARTIES**

1. Plaintiff, Juanita Real, is and at all times relevant hereto was, an individual residing in the State of California.

2. Upon information and belief, Defendant, U.S. DEPARTMENT OF VETERANS AFFAIRS, is and at all times relevant hereto was the entity responsible for maintenance, inspection and safety at the building where Plaintiff was injured in Anchorage, Alaska.

Complaint
Real vs. U.S. Dept. of Vet Affairs    1

Case 3:20-cv-00309-JWS   Document 1   Filed 12/23/20   Page 1 of 5

## II. FACTUAL BACKGROUND

4. At all times relevant hereto, U.S. DEPARTMENT OF VETERANS AFFAIRS owned and/or operated the building located at 1201 North Muldoon Road, Anchorage, AK 99504-6104.

5. On or about, August 20, 2019, Plaintiff was walking on the sidewalk outside of the building, when, because of a raised edge of the sidewalk and/or a raised piece of expansion joint sealant that was unmarked and created an unreasonably dangerous condition existing on the premises of which Defendant knew or should have known and of which Defendant had a reasonable opportunity to inspect and repair, she tripped and fell sustaining severe injuries to her person, including but not limited to injuries to her face, nose and ears. Plaintiff was informed by Defendant that the entire incident was recorded on videotape and that this videotape was preserved.

## III. NEGLIGENCE

6. At all times relevant hereto, Defendant owed Plaintiff a duty of care to provide and maintain the premises in a reasonably safe, fit and habitable condition, to make all repairs and do whatever is necessary to put and keep said premises fit and habitable and to exercise reasonable care to discover unreasonably dangerous conditions and put and keep said premises fit and habitable and to exercise reasonable care to discover and remedy conditions which present an unreasonable risk of harm under the circumstances.

Complaint  
Real vs. U.S. Dept. of Vet Affairs

2

Case 3:20-cv-00309-JWS   Document 1   Filed 12/23/20   Page 2 of 5

7. Defendant further owed Plaintiff a duty to hire competent and capable employees and/or subcontractors to perform any and all construction, inspection, and maintenance of its premises.

8. Defendants, individually and/or by and through their officers, agents, servants and/or employees breached their duties owed to Plaintiff. Said breaches by Defendants include but are not limited to: failing to maintain the premises in a fit and habitable condition, failing to make necessary repairs and/or do what is necessary to keep their premises fit and habitable, failure to exercise reasonable care to discover and remedy conditions which present an unreasonable risk of harm to Plaintiff under the circumstances, failing to hire competent and capable employees and/or failure to adequately train employees and/or failure to adequately supervise employees assigned to maintain the property at 1201 North Muldoon Road.

9. As a proximate and direct result of Defendant's breaches of their duties of care, Defendant caused Plaintiff to suffer, and Plaintiff continues to suffer, damages in excess of the jurisdictional minimum for the District Court in Alaska.

## DAMAGES

As a direct and proximate result of the negligent and/or reckless conduct of Defendant and any and all other negligence, violations of applicable law or culpable conduct which may be brought out in discovery or trial, Plaintiff has sustained injuries and damages which have resulted and/or may result in:

Complaint
Real vs. U.S. Dept. of Vet Affairs     3

Case 3:20-cv-00309-JWS    Document 1    Filed 12/23/20    Page 3 of 5

(a) Past and future pain, suffering, inconvenience and mental anguish; including but not limited to permanent disability from the injuries to Plaintiff's face, nose, and hearing;

(b) Past and future medical expenses, including but not limited to surgeries;

(c) Loss of enjoyment of life and diminished ability to enjoy other pursuits, including those having an economic value for themselves other than relating to earning capacity;

(d) Other pecuniary and non-pecuniary damages, all of which damages exceed $100,000, the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages in excess of $100,000.00, the exact amount to be proven at trial;

2. Medical and incidental expenses;

3. Damages for pain and suffering;

4. Financial damages including lost income and lost business appreciation

5. Other damage items mentioned above;

4. Costs of complaint and attorney's fees;

Complaint
Real vs. U.S. Dept. of Vet Affairs    4

Case 3:20-cv-00309-JWS   Document 1   Filed 12/23/20   Page 4 of 5

5. Pre-judgment interest;

DATED at Anchorage, Alaska this 23rd day of December, 2020.

By /s/ Jason Skala
JASON SKALA
ABA No. 0105031
Phone: (907) 569-6633
Fax: (907) 569-6001
Email: jason@907attorney.com

Complaint
Real vs. U.S. Dept. of Vet Affairs

5

Case 3:20-cv-00309-JWS   Document 1   Filed 12/23/20   Page 5 of 5